EVERSHEDS SUTHERLAND (US) LLP
  Kymberly Kochis (*pro hac vice* pending)
  (kymberlykochis@eversheds-sutherland.com)
  Alexander Fuchs (*pro hac vice* pending)
  (alexfuchs@eversheds-sutherland.com)
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:   (212) 389-5000
Facsimile:    (212) 389-5099

EVERSHEDS SUTHERLAND (US) LLP
  Ian S. Shelton (CA Bar No. 264863)
  (ianshelton@eversheds-sutherland.com)
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:   (916) 844-2965
Facsimile:    (916) 241-0501

SERGENIAN ASHBY LLP
  Joseph R. Ashby (CA Bar No. 248579)
  (joseph@sergenianashby.com)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:   (323) 318-7771

Attorneys for Defendant
GEICO GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| MARTISHA ANN MUNOZ and CINDY VENTRICE-PEARSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | CASE NO. 4:19-cv-03768-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY THE CASE BY DEFENDANT GEICO GENERAL INSURANCE COMPANY**<br><br>Hearing Date:   October 3, 2019<br>Hearing Time    2:00 p.m.<br><br>Courtroom:   2 (4th Floor)<br>Address:       Oakland Courthouse<br>                      1301 Clay Street<br>                      Oakland, CA 94612 |

MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY THE CASE

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 3, 2019, at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at Courtroom 2 of the Oakland Federal Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendant GEICO General Insurance Company ("GEICO") will move this Court to compel Plaintiffs Martisha Ann Munoz and Cindy Ventrice-Pearson ("Plaintiffs") to comply with the appraisal provisions of their automobile insurance policies, which are treated as mandatory arbitration agreements under the Federal Arbitration Act, and dismiss or stay this class action.

This Motion is based on this Notice; the accompanying Memorandum of Points and Authorities; the pleadings and other papers on file in this action; and such other declarations, evidence and argument as may be presented before or at the hearing.

DATED:   September 3, 2019            EVERSHEDS SUTHERLAND (US) LLP


                                      By */s/ Ian S. Shelton*
                                         Ian S. Shelton

                                         Attorneys for Defendant
                                         GEICO GENERAL INSURANCE COMPANY

## MEMORANDUM OF POINTS AND AUTHORITIES

This action arises from a series of automobile accidents that rendered each of Plaintiffs' vehicles a total loss. Plaintiffs' vehicles were insured under GEICO personal automobile policies (the "Policies") at the time of the losses. Plaintiffs allege that GEICO did not fully reimburse Plaintiffs for the "Actual Cash Value" ("ACV") of those total loss vehicles.

The Policies each contain an appraisal clause that may be invoked by either Plaintiff or GEICO to determine the amount of a loss. If appraisal is invoked, the process is mandatory and the appraisers' determination binds both parties. GEICO first received notice that there was a dispute concerning the amount of loss paid in settlement of Plaintiffs' claims when Plaintiffs filed and served the present suit. After waiving service of the Complaint, GEICO provided notice to Plaintiffs that it was invoking its appraisal rights under the Policies. GEICO now requests that the Court compel Plaintiffs to comply with the appraisal provisions of the Policies, which are treated as mandatory arbitration agreements under federal and state law, and dismiss or stay this action pending the appraisal.

## FACTUAL BACKGROUND

Plaintiffs allege that they were each involved in an automobile accident that resulted in a claim for physical damage to their respective vehicles under the Policies. Compl. at ¶¶ 44-66, Dkt. No. 1. Following submission of the claims, GEICO allegedly determined that Plaintiffs' vehicles were total losses. *Id.* at ¶¶ 47, 61. GEICO is alleged to have underpaid on the claims by not including "sales tax" in the "Actual Cash Value" paid for *leased* total loss vehicles, and by not including "mandatory regulatory fees" in the "Actual Cash Value" paid for *all* total loss vehicles. *Id.* at ¶ 1. The Complaint alleges two breach of contract claims, based on these alleged underpayments. *Id.* at ¶¶ 85-93, 94-102.

Section III of the Policies, Physical Damage Coverages, covers the amount of "each *loss*, less the applicable deductible." *See* Policy, Dkt. No. 1 at 28 (page 8 of Policy). "***Loss***" is defined as "direct and accidental loss of or damage to" the insured vehicle. *Id.* at 27 (page 7 of Policy). Section III also contains an appraisal provision which states in full:

APPRAISAL

> If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> We will not waive our rights by any of our acts relating to appraisal.

*Id.* at 30 (page 10 of Policy) (emphasis in original).

On August 23, 2019, GEICO invoked its right to appraisal under the Policies with respect to Plaintiffs' claims by letter to Plaintiffs through their counsel of record in this case. *See* GEICO's Ltr. to Demand Appraisal (Aug. 23, 2019), attached to the Declaration of Ian S. Shelton (Aug. 30, 2019) ("Shelton Decl."), Ex. A. Plaintiffs have not agreed to participate in the appraisal process as of the date of filing this motion.

## ARGUMENT

**I. THE COURT SHOULD COMPEL APPRAISAL BEAUSE THE APPRAISAL PROVISION OF THE POLICY IS TREAED AS A MANDATORY ARBITRATION CLAUSE UNDER FEDERAL AND STATE LAW.**

**A. The appraisal provision is enforceable as a mandatory arbitration agreement under federal law.**

Plaintiffs' claims are, in sum, that GEICO underpaid the "Actual Cash Value" owed in settling the total loss claims on their insured vehicles by not including amounts for certain taxes and fees. As noted above, Plaintiffs' Policies contain unambiguous appraisal provisions whereby either GEICO or Plaintiffs can invoke appraisal in the event that there is disagreement on the amount of the loss. GEICO invoked the appraisal provisions of the Policies through its August 23, 2019, letter to Plaintiffs, and Plaintiffs have not agreed to proceed with appraisal or to dismiss or stay this action until the appraisal process is complete.

Appraisal is a form of arbitration subject to the Federal Arbitration Act, 9 U.S.C. §1, *et*

*seq.* ("FAA").[1]  The FAA reflects a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (citation and quotation omitted). The Court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys. Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

Federal courts give full effect to appraisal provisions under the FAA.  *See Pavlina v. Safeco Ins. Co. of Am.*, No. 12-CV-534-LHK, 2012 WL 5412796, *6 (N.D. Cal. Nov. 6, 2012) (invoking FAA and granting motion for judgment on the pleadings and dismissing case because "the Insurance Policy bars the Plaintiff from pursuing this action against the Defendant while the dispute over the actual cash value of the Vehicle has not been addressed through appraisal"); *Garner v. State Farm Mut. Auto. Ins. Co.*, No. C 08-1365 CW, 2008 WL 2620900, *3, *10 (N.D. Cal. June 30, 2008) (invoking FAA and granting motion to compel appraisal and stay the case).

Although centering on certain taxes and fees Plaintiffs contend were not included in their settlement, Plaintiffs' claims are at their core a disagreement concerning the "amount of the loss." *See e.g.*, Compl. at ¶ 1, Dkt. No. 1 ("GEICO **underpays** mandatory regulatory fees to all insureds") (emphasis added); *id.* at ¶ 54 ("GEICO **did not include any sales tax in making the ACV payment** for Plaintiff's total loss.") (emphasis added); *id.* at ¶¶ 100-101 ("[s]uch **underpayment** constitutes a material breach of contract with Plaintiffs and every member of the Classes") (emphasis added).  As reflected by the Complaint's repeated references to GEICO's alleged "underpayment" and failure to pay full "ACV" there is a dispute over the amount of the loss, and appraisal will determine what—if anything—remains to be paid on Plaintiffs' insurance claims.[2]  *See Garner*, 2008 WL 2620900, at *7 (dispute over ACV of stolen vehicle falls within

---

[1] State law governs whether an appraisal constitutes arbitration for purposes of the FAA. *Wasyl, Inc. v. First Bos. Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987).  Under California law, agreements providing for "appraisals" are treated as arbitration agreements. Cal. Civ. Proc. Code ("CCP") § 1280(a).  Once it is determined that a contractual provision is an arbitration agreement, the FAA governs. *Wasyl*, 219 F.3d at 1582.

[2] By the plain language of the Policy, it is immaterial that Plaintiffs believe the cause of the disagreement concerning the "Actual Cash Value" of their total loss vehicles is GEICO's alleged failure to give appropriate credit for certain components of the "loss" allegedly covered by the
    (footnote continued)

appraisal provision); *Pavlina*, 2012 WL 5412796, at *5 (appraisal provision encompasses dispute over ACV of destroyed vehicle); *Pivonka v. Allstate Ins. Co.*, No. 2:11-CV-1759-GEB-CKD, 2011 WL 6153611, *1, *4 (E.D. Cal. Dec. 12, 2011) (dispute over ACV of personal property damaged or destroyed in fire is within the policy's appraisal provision); *Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010) (affirming dismissal of case for failure to comply with the appraisal process regarding ACV of her personal property).

A recent decision from the District Court for the Middle District of Florida in *McGowan v. First Acceptance Insurance Company, Inc.* is instructive. No. 8:19-cv-01101-SCB-CPT, Dkt. No. 30 (M.D. Fla. Aug. 14, 2019), Shelton Decl., Ex. B. In *McGowan*, Plaintiffs alleged, as here, that defendant underpaid "Actual Cash Value" in settling his total loss claim by failing to include sales tax, title fees and tag fees. *Id.* Defendant moved to compel appraisal, citing the, substantially similar, appraisal provision in its policy. *Id.* The court granted defendant's motion and dismissed the action pending appraisal, finding plaintiff's claims for taxes and fees were in fact a dispute concerning the amount of the loss for the totaled vehicle, and thus were subject to appraisal. *Id.* A similar decision is warranted here.

GEICO is contractually entitled to have the appraisal process completed prior to suit on the Policies. Because Plaintiffs' claims concern only the amount of loss, and the amount of loss must be determined by appraisal, the breach of contract claims at issue are subject to the appraisal provisions of the Policies. The Court should compel Plaintiffs to comply with them.

### B. The appraisal provision is enforceable as a mandatory arbitration agreement under state law.

GEICO maintains that an order compelling Plaintiffs to comply with the appraisal provisions of the Policies is mandated by the FAA. However, GEICO would be entitled to the same relief under California law. The California Arbitration Act ("CAA") provides that an

---

Policy. The Policy makes no exception related to the *reason* for the disagreement, so long as the parties "do not agree on the amount of *loss*." *See* Policy, Dkt. No. 1 at 30 (page 10 of Policy). Plaintiffs cannot plausibly argue that the allegations of the Complaint regarding underpayment of "Actual Cash Value" do not fall within the broad scope of this provision.

enforceable arbitration "agreement" includes "agreements providing for valuations, appraisals, and similar proceedings. . . ." Cal. Civ. Proc. Code § 1280(a).  Under California law, "'an agreement to conduct an appraisal contained in a policy of insurance constitutes an agreement within the meaning of [Code of Civil Procedure] section 1280, subdivision (a), and therefore is considered to be an arbitration agreement subject to the statutory contractual arbitration law.'"  *Lambert v. Carneghi*, 158 Cal. App. 4th 1120, 1129 (2008) (quoting *Louise Gardens of Encino Homeowners Ass'n v. Truck Ins. Exch.*, 82 Cal. App. 4th 648, 658 (2000) (reversing trial court's order vacating appraisal award and finding that an agreement providing for an appraisal "is considered to be an arbitration agreement subject to statutory contractual arbitration law"); *Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal. App. 3d 818, 824 (1982) ("an agreement providing for an appraisal is included within the concept of agreements to arbitrate").

Enforcement of appraisal provisions is mandatory under the CAA.  Cal. Civ. Proc. Code § 1281.2; *Louise Gardens of Encino*, 82 Cal. App. 4th at 658.  In California, failure to comply with an insurance contract's mandatory appraisal provision constitutes sufficient basis to (1) dismiss a case; or (2) compel appraisal.  *Community Assisting Recovery, Inc. v. Aegis Sec. Ins. Co.*, 92 Cal. App. 4th 886, 895 (2001).  Because "the insured disagrees with a value suggested by the carrier, the appraisal process provides the means by which the dispute is to be settled."  *Id.*  As such, an order compelling appraisal is warranted under both the FAA and the CAA.

## II. THE COURT SHOULD DISMISS THE ACTION OR ALTERNATIVELY STAY THE ACTION PENDING THE APPRAISAL

GEICO is contractually entitled to have the appraisal process completed prior to suit on the Policies.  As noted above, the Policies' "ACTION AGAINST US" provision states the insured may not bring suit against GEICO unless "the policy terms have been complied with."  Dkt. 1 at 29 (page 9 of Policy).  Because GEICO has invoked appraisal pursuant to the terms of the Policies, Plaintiffs' suit should be dismissed pending completion of the appraisal process.  *See Enger v. Allstate Ins. Co.*, 682 F. Supp. 2d 1094, 1099 (E.D. Cal. 2009) (dismissing action for failure to comply with appraisal clause)*, aff'd*, 407 F. App'x 191, 193 (9th Cir. 2010); *Pavlina v. Safeco Ins. Co. of America*, 2012 WL 5412796, at *6 (same); *McGowan v. First Acceptance*

-5-
MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY THE CASE

*Insurance Company, Inc.*, Shelton Decl., Ex. B.

If the Court declines to dismiss the case, it should at a minimum compel the appraisal and stay the case pending the outcome of the appraisal. The Court has the option of dismissing the case, or alternatively staying the case pending arbitration. *Lewis v. UBS Fin. Servs. Inc.*, 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011) ("Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action."); *see also* 9 U.S.C. § 3 (providing for stay under FAA); Cal. Civ. Proc. Code § 1281.4 (providing for stay under CAA). While GEICO believes dismissal is appropriate, if the Court is not inclined to dismiss the action, based on the authorities set forth above, it should at a minimum compel arbitration and stay the litigation pending completion of appraisal. *See Pivonka*, 2011 WL 6153611, *4 (granting motion to compel appraisal and stay the case); *730 I St. Inv'rs, LLC v. Evanston Ins. Co.*, No. 2:19-CV-00040-JAM-CKD, 2019 WL 1869851, at *4-5 (E.D. Cal. Apr. 25, 2019) (granting motion to compel appraisal and stay the case).

## CONCLUSION

GEICO respectfully requests that the Court compel Plaintiffs to comply with the appraisal provision of the Policy and dismiss or stay the action pending the outcome of the appraisal.

DATED:   September 3, 2019                    EVERSHEDS SUTHERLAND (US) LLP

                                              By */s/ Ian S. Shelton*
                                                 Ian S. Shelton

                                                 Attorneys for Defendant
                                               GEICO GENERAL INSURANCE COMPANY

**PROOF OF SERVICE**

On September 3, 2019, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO COMPEL APPRAISAL AND DISMISS OR STAY THE CASE BY DEFENDANT GEICO GENERAL INSURANCE COMPANY** on the interested parties in this action as follows:

| | |
|---|---|
| Annick Persinger (CA Bar No. 272996) | Scott Edelsberg |
| TYCKO & ZAVAREEI LLP | EDELSBERG LAW, PA |
| 1970 Broadway, Suite 1070 | 2875 NE 191st Street, Suite 703 |
| Oakland, CA 94612 | Aventura, FL 33180 |
| Telephone: (510) 254-6808 | Telephone: (305) 975-3320 |
| apersinger@tzlegal.com | scott@edelsberglaw.com |

Edmund A. Normand
Jacob L. Phillips
NORMAND PLLC
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
service@ednormand.com
ed@ednormand.com
jacob@normandpllc.com

**BY CM/ECF.** I caused to be served the above-referenced document by the Court's electronic CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

DATED:   September 3, 2019            EVERSHEDS SUTHERLAND (US) LLP

                                                    By */s/ Ian S. Shelton*
                                                         Ian S. Shelton

                                                    Attorneys for Defendant
                                                    GEICO GENERAL INSURANCE COMPANY