UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTISHA ANN MUNOZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 19-cv-03768-HSG<br><br>**ORDER DENYING MOTION TO COMPEL APPRAISAL**<br><br>Re: Dkt. No. 30 |

Pending before the Court is GEICO General Insurance Company's ("GEICO") motion to compel appraisal and dismiss or stay the case, for which briefing is complete. *See* Dkt. Nos. 30 ("Mot."), 36 ("Opp."), and 40 ("Reply"). Because the Court agrees with Plaintiffs that the dispute presented is not subject to the cited appraisal provision, the Court **DENIES** the motion.

**I.    BACKGROUND**

On June 27, 2019, Plaintiffs, on behalf of themselves and all others similarly situated, filed a complaint alleging breach of contract claims against GEICO. Dkt. No. 1 ("Compl."). Plaintiffs obtained GEICO private passenger automobile physical damage insurance policies, which included comprehensive and collision coverage (the "Policy"). Compl. ¶ 1. Plaintiff Munoz leased a vehicle and was in an accident on February 24, 2017, which rendered her vehicle a total loss. *Id.* ¶¶ 45–46. Plaintiff Ventrice-Pearson owned a vehicle and was in an accident on November 14, 2018, which rendered her vehicle a total loss. *Id.* ¶¶ 58–59. GEICO provided letters to both Plaintiffs determining the base values of the vehicles. *Id.* ¶¶ 47, 58–63.

Plaintiffs allege that GEICO failed to pay the actual cash value for the total loss claims of Plaintiffs and others in the putative class. The Policy states that GEICO "will pay for collision loss to the owned auto or non-owned auto for the amount of each loss less the applicable

deductible." *Id.* ¶ 16. Plaintiffs argue that GEICO breached this provision by failing to pay sales tax owed where the total-loss vehicle was leased, and by only paying a prorated amount of the regulatory fees to all total-loss insureds instead of the full amount. *Id.* ¶¶ 28–40.

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes that a written arbitration agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). "The [FAA] does not, however, define 'arbitration.'" *Wasyl, Inc. v. First Bos. Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). Instead, state law, to the extent it is not inconsistent with the FAA, provides that answer. *Id.* Under California law, an appraisal agreement in an insurance policy is considered enforceable as an arbitration clause. *See Louise Gardens of Encino Homeowners' Ass'n Inc. v. Truck Ins. Exch., Inc.*, 98 Cal. Rptr. 2d 378 (2000) (finding that an agreement in an insurance policy to conduct an appraisal is considered to be an arbitration agreement); *see also Wasyl, Inc.*, 813 F.2d at 1582 (noting that California law defining agreement does not conflict with the federal policy favoring arbitration).

When a party moves to compel arbitration, the court must determine (1) "whether a valid arbitration agreement exists" and (2) "whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). The agreement may also delegate gateway issues to an arbitrator, in which case the court's role is limited to determining whether there is clear and unmistakable evidence that the parties agreed to arbitrate arbitrability. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015). In either instance, "before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (citing 9 U.S.C. § 2).

When the parties contest whether an agreement was formed, the court applies "general state-law principles of contract interpretation," without a presumption in favor of arbitrability. *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 742 (9th Cir. 2014) (internal quotation

omitted). The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence that there was an agreement to arbitrate. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). Conversely, the party opposing arbitration is entitled to the benefit of all reasonable doubts and inferences. *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991). Therefore, a court may find that an agreement to arbitrate exists as a matter of law "[o]nly when there is no genuine issue of fact concerning the formation of the agreement." *Id.* (internal quotation omitted); *see also Alarcon v. Vital Recovery Servs., Inc.*, 706 F. App'x 394, 394 (9th Cir. 2017) (same).

**III. ANALYSIS**

As relevant here, the Policy provides:

> If [GEICO] and the insured do not agree on the amount of loss, either may, within 60 days after proof of loss is filed, demand an appraisal of the loss. In that event, we and the insured will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the actual cash value and the amount of the loss. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of loss. We and the insured will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> [GEICO] will not waive our rights by any of our acts relating to appraisal.

Dkt. No. 1, Ex. A at 10. The policy defines "loss" as "direct and accidental loss of or damage to" the insured auto and defines "actual cash value" as "the replacement cost of the auto or property less depreciation and betterment." *Id.* at 7.

As noted above, an appraisal provision in an insurance policy constitutes a valid arbitration agreement under California law. So the issue in this case is whether the underlying dispute between the parties is one subject to appraisal: do Plaintiffs' claims raise a disagreement regarding the "amount of loss?" GEICO argues that because Plaintiffs contend that they were "underpaid," the fundamental dispute concerns the amount of loss. Mot. at 3 (citing Compl. ¶¶ 1, 54, 100–101). Plaintiffs disagree, and note that they do not challenge the base valuation amounts found by the appraiser as the "total loss" values. Opp. at 3–5. Instead, they characterize the first dispute as "whether GEICO is obligated by the terms of its Policy to pay [the] undisputed [sales tax] amount

to leased insureds just as it pays that amount to owned- or financed-vehicle insureds." *Id.* at 5. Similarly, the second dispute is whether the Policy requires GEICO to pay the full amount of the state regulatory fees instead of a prorated amount. *Id.*

The Court agrees with Plaintiffs that the issues presented here are coverage issues, not disputes over the amount of loss. Under California law, "[a]ppraisers have no power to interpret the insurance contract or the governing statutes. 'The function of appraisers is to determine the amount of damage resulting to various items submitted for their consideration. It is certainly not their function to resolve questions of coverage and interpret provisions of the policy.'" *Kirkwood v. California State Auto. Assn. Inter-Ins. Bureau*, 122 Cal. Rptr. 3d 480, 486 (Cal. App. 2011) (quoting *Jefferson Ins. Co. v. Superior Court*, 475 P.2d 880, 883 (Cal. 1970)). Plaintiffs do not dispute the amount of damage quoted by GEICO. Instead, they argue that the Policy covers sales tax for leased vehicles just as for owned vehicles, and covers the full amount of state regulatory fees instead of a prorated sum. If the Court were to grant GEICO's motion, the appraisers would be asked to answer coverage questions, a task not part of their limited role. *See also Sarkisyan v. Newport Ins. Co.*, No. B230612, 2011 WL 5995990, at *3 (Cal. App. Nov. 28, 2011) (unpublished) (denying a motion to compel appraisal and holding the amount of loss was not in dispute because "the meaning of 'actual cash value' is a legal determination that cannot be made by the appraiser.").

GEICO argues that the Court should follow a factually similar case, *McGowen v. First Acceptance Ins. Co., Inc.*, No. 8:19-cv-1101-T-24CPT, Dkt. No. 30 (M.D. Fla. Aug. 14, 2019), in which the court granted defendant insurer's motion to compel appraisal. The court in *McGowen* addressed nearly identical disputes—whether the insurer improperly excluded sales tax and tag and title fees—and an identical policy appraisal provision concerning the "amount of loss." *Id.* The *McGowen* plaintiff similarly argued that the case presented a coverage issue, but the court found the issue to be appropriate for appraisal. Notably, however, the court in *McGowen* relied on Florida law. *Id.* As explained above, California law limits the function of appraisers, giving them power to make factual determinations regarding the amount of damage, but not to interpret policies. That important difference makes *McGowen* inapposite. Although Plaintiffs seek to

4

recover money GEICO did not pay them, they do not dispute the value attributed to any aspect of the loss. In fact, Plaintiffs acknowledge that GEICO properly calculated the sales tax on Munoz's claim and the state fees imposed on vehicle transactions. Opp. at 4–5. They only contest GEICO's decisions to withhold sales tax for Munoz's leased vehicle and each Plaintiff's full state fees—both issues of policy interpretation. Compl. ¶ 40–41, 49, 64.

The Court similarly finds GEICO's remaining citations to cases compelling appraisal proceedings distinguishable. All these cases involved disagreements about the underlying value of the loss, not about whether certain categories of costs fell within the policies' terms. *See, e.g.*, *Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010) (plaintiff alleged that defendant used an improper valuation method and undervalued her property loss); *Pavlina v. Safeco Ins. Co. of Am.*, No. 12-CV-534-LHK, 2012 WL 5412796, at *1 (N.D. Cal. Nov. 6, 2012) (plaintiff challenged defendant's appraisal process based on higher valuation obtained by plaintiff's independent appraiser); *Garner v. State Farm Mut. Auto. Ins. Co.*, No. C 08-1365 CW, 2008 WL 2620900, at *2 (N.D. Cal. June 30, 2008) (plaintiff challenged defendant's valuation method and alleged it "result[ed] in the systematic undervaluation of total losses"); *Pivonka v. Allstate Ins. Co.*, No. 2:11-CV-1759-GEB-CKD, 2011 WL 6153611, at *3 (E.D. Cal. Dec. 12, 2011) (plaintiffs "accused Allstate of 'systematically overstat[ing] depreciation' on their personal property claims, resulting in an alleged underpayment").

Accordingly, the Court **DENIES** GEICO's motion to compel appraisal.[1]

**IT IS SO ORDERED.**

Dated: 12/2/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Because the Court denies GEICO's motion on the ground that the dispute is not subject to the cited appraisal provision, it need not reach Plaintiffs' argument that GEICO failed to demand appraisal within 60 days of the proof of loss being filed. *See* Opp. at 2–3.