EVERSHEDS SUTHERLAND (US) LLP
  Kymberly Kochis (admitted *pro hac vice*)
  (kymkochis@eversheds-sutherland.com)
  Alexander Fuchs (admitted *pro hac vice*)
  (alexfuchs@eversheds-sutherland.com)
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:     (212) 389-5000
Facsimile:     (212) 389-5099

EVERSHEDS SUTHERLAND (US) LLP
  Ian S. Shelton (CA Bar No. 264863)
  (ianshelton@eversheds-sutherland.com)
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:     (916) 844-2965
Facsimile:     (916) 241-0501

SERGENIAN ASHBY LLP
  Joseph R. Ashby (CA Bar No. 248579)
  (joseph@sergenianashby.com)
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:     (323) 318-7771

Attorneys for Defendant
GEICO GENERAL INSURANCE COMPANY

*Additional counsel listed on signature page.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—OAKLAND DIVISION

| | |
|---|---|
| In Re GEICO General Insurance Company | CASE NO. 4:19-cv-03768-HSG <br><br> Hon. Haywood S. Gilliam, Jr. <br><br> **AGREED PROTECTIVE ORDER** |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this Agreed Protective Order have agreed to the terms of this Order; accordingly, IT IS HEREBY ORDERED:

### I.   PURPOSES AND LIMITATIONS

Disclosure and discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Agreed Protective Order ("Order").   The parties further acknowledge, as set forth in Section X.C., below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### II.   DEFINITIONS

For purposes of this Order:

A. "Confidential Material" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  This includes information or items that may contain trade secrets, know-how, technical, sales, training, operations, processes, customer information, proprietary information and/or commercial or financial information that the designating party has maintained in confidence, and/or personal identifying information protected under applicable federal and state privacy laws. It shall be the duty of the party who seeks to invoke protection under this Order to give notice, in the manner set forth hereinafter, of the documents and testimony to be covered hereby, and the duty of any other party or person to maintain confidentiality hereunder shall commence with such notice.

B. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

C. "Producing Party" or "Designating Party" means the party (and/or its outside counsel) that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

D. "Receiving Party" or "Non-Designating Party" means the party (and/or its outside counsel) who receives the Confidential Material supplied by the producing party.

E. "Outside Counsel of Record" means the law firms engaged by plaintiffs and the defendant to represent them in this litigation.

F.   "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

G. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

H. "Disclosure or Discovery Material" includes all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.  This includes, but is not limited to, all copies and prior drafts or any information in any written, recorded or graphic form, including but not limited to, memoranda, catalogs, and summaries of information or data, whether originally typed, handwritten, printed, recorded, in electronic format, or otherwise produced or reproduced, and includes all photographs, microfilm, microfiche, or other reproduction thereof, including but not limited to each and every note, memorandum, letter, electronic mail, text message, instant message, publication, circular, release, article, report, book, record financial statement, computer

disc, list, index, account book, draft, summary, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, videotape, recording, cassette tape, or film.

I.   "Produce" means the transmission of any "Disclosure or Discovery Material" during the course of and in connection with this litigation, including appeals thereof, to a "Party" or their "Outside Counsel of Record," whether voluntary or involuntary, whether pursuant to request or legal process.

J.   "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

K.   "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

L.   "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

### III.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**IV.   DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**V.   ACCESS TO AND USE OF PROTECTED MATERIAL**

A.   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation and shall not use Protected Material for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The restrictions on use of Protected Material contained in this Order shall not apply to the Producing Party.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below (FINAL DISPOSITION AND RETURN OF DOCUMENTS).

B.  <u>Disclosure of "CONFIDENTIAL" Information or Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.      the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, including co-counsel consulting for a specialized purpose, who agree to sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A to this Agreed Protective Order;

2.      any party to this action. For parties that are non-natural person entities, officers, directors, and employees (including in house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

3.      Experts and consultants (including partners, associates, and employees of the firm that employs such expert or consultant) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.      the court and its personnel;

5.      Professional Vendors, including copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

6.      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the agreement attached hereto as Exhibit A to this Order, unless otherwise agreed by the Designating Party or ordered by the Court. Witnesses who are employees or otherwise under the control of the Designating Party do not need to sign the "Acknowledgment

and Agreement to Be Bound" (Exhibit A).  Whenever Confidential Material is to be disclosed in a deposition the Designating Party may exclude from the room any person, other than persons designated in Sections IV.B(5) & IV.B(6) as appropriate, for that portion of the deposition.

7.     any court reporter or videographer reporting a deposition;

8.     any mediator(s) or settlement officer(s) as mutually agreed upon by the parties;

9.     mock trial/focus group participants provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

10.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

C.  <u>Subpoenas and Court Orders</u>. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of information or items designated in this action as "CONFIDENTIAL," that Party must:

1.     Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with all reasonable procedures sought by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential

material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

D. A Non-Party's Protected Material Sought to be Produced in this Litigation.

1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.

3. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**VI.**   **DESIGNATING PROTECTED MATERIAL**

A.  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation and shall reproduce the mistakenly designated document(s) without a "CONFIDENTIAL" marking affixed to the document(s) as contemplated by Section V.B.(1) of this Order.

B.  Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before or when the material is disclosed or produced. Designation in conformity with this Order requires:

    a.  Information in documentary form (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the Designating Party must affix the word "CONFIDENTIAL" to each page that contains Confidential Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix

the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b. <u>Responses to interrogatories and other discovery requests</u>: If a response to an interrogatory or other discovery request contains Confidential Material, the response shall be provided in a separate document, appended to the main body of responses and incorporated by reference therein. The response to the interrogatory or discovery request in the main body of the responses should be "Requests confidential information, see response in confidential addendum, which response is incorporated fully herein by reference." The Designating Party shall affix the word "CONFIDENTIAL" to each page of the separate document appended to the responses.

c. <u>Testimony given in deposition or in other pretrial or trial proceedings</u>: the parties can identify on the record, during the deposition, hearing, or other proceeding, all protected testimony they deem confidential, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving a deposition transcript, designate the transcript, portions of the transcript or exhibits thereto, as confidential.

d. <u>Information produced in some form other than documentary and other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

e. <u>Materials that exist only in digital format</u>: for materials that exist only in digital format, the producing party shall produce a placeholder document identifying the digital material by file name and mark the placeholder document consistent with subparagraph (a) above. Also, to the extent feasible, the producing party will include a reference in the name of the file to its confidential status.

C. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. <u>Good Faith</u>. The parties agree to only make good faith challenges to designations of confidentiality.

C. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties must attempt to resolve any challenge regarding confidential

designations in good faith and without Court involvement.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

D. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VIII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement between the parties.   The return or destruction of a document or materials over which the producing party has asserted a claim of privilege as set forth in Federal Rule of Civil Procedure 26(b)(5)(B) shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege is invalid

or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege.

In accordance with Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other forum, constitute a waiver by the producing party of any privilege or protection applicable to those documents, including the attorney-client privilege and the work product doctrine.

**X.  <u>MISCELLANEOUS</u>**

A. <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreed Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  According to Civil Local Rule 79-5(d)(1), a party seeking to file a document, or portions thereof, under seal must file an administrative motion to file under seal, in conformance with Civil Local Rule 7-11.   The administrative motion must be accompanied by the following attachments: (A) a declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable; (B) a proposed order that is narrowly tailored to seal only the sealable material and which lists in table format each document or portion thereof that is sought to be sealed; (C) a redacted version of the

document that is sought to be filed under seal, if seeking to file a portion of a document; and (D) an unredacted version of the document sought to be filed under seal.  The party seeking to file a document under seal must also provide a courtesy copy of the administrative motion, declaration, proposed order, and both the redacted and unredacted versions of all documents sought to be sealed.   Civil L.R. 79-5(d)(2).   If a party seeks to file under seal a document designated confidential by the opposing party or a non-party pursuant to a protective order, the submitting party's declaration in support of the administrative motion to file under seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential.  Civil L.R. 79-5(e).  The Designating Party must file a declaration as required by Civil L.R. 79-5(d)(1)(A) within four days of the filing of the administrative motion to file under seal establishing that all of the designated material is sealable. Civil L.R. 79-5(e)(1).

## XI.  FINAL DISPOSITION AND RETURN OF DOCUMENTS

Within 60 days after the final disposition of this action, as defined in Section IV (DURATION), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record (including Defendant's in-house counsel) are entitled to retain an archival copy of all pleadings,

motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV (DURATION).

## XII.   PERSONS BOUND

This Order shall take effect when entered and shall be binding upon all Counsel of Record and their law firms, the Parties, and persons made subject to this Order by its terms. Until entry of this Order by the Court, or the issuance of an order denying entry of this Order, the parties agree to be bound by the terms of the Order.

**IT IS SO ORDERED:**

Date:  5/26/2020


Haywood S. Gillam, Jr.
United States District Judge


/s/ Annick Persinger
Annick Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
apersinger@tzlegal.com

Michael L. Kelly
Behram V. Parekh
Joshua A. Fields
**KIRTLAND & PACKARD LLP**
1638 S. Pacific Coast Highway
Redondo Beach, CA 90277
Telephone:  (310) 536-1000
mlk@kirtlandpackard.com
bvp@kirtlandpackard.com

/s/ Kymberly Kochis
Kymberly Kochis (admitted *pro hac vice*)
Alexander Fuchs (admitted *pro hac vice*)
**EVERSHEDS SUTHERLAND (US) LLP**
1114 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone:     (212) 389-5000
Facsimile:      (212) 389-5099
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

Ian S. Shelton (CA Bar No. 264863)
**EVERSHEDS SUTHERLAND (US) LLP**
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone:     (916) 844-2965
Facsimile:      (916) 241-0501
ianshelton@eversheds-sutherland.com

---

**AGREED PROTECTIVE ORDER**

1  jf@kirtlandpackard.com

2  Andrew J. Shamis*
3  **SHAMIS AND GENTILE, P.A.**
   14 NE 1st Ave, Suite 400
4  Miami, FL 33132
   Telephone:  305-479-2299
5  ashamis@shamisgentile.com

6  Scott Edelsberg*
7  **EDELSBERG LAW, PA**
   2875 NE 191st Street, Suite 703
8  Aventura, FL 33180
   Telephone: (305) 975-3320
9  scott@edelsberglaw.com

10 Edmund A. Normand*
   Jacob L. Phillips*
11 **NORMAND PLLC**
   3165 McCrory Place, Ste. 175
12 Orlando, FL 32803
   Telephone: (407) 603-6031
13 service@ednormand.com
14 ed@ednormand.com
   jacob@normandpllc.com
15
   *Admitted pro hac vice*
16
   *Attorneys for Plaintiffs and the Proposed Class*
17

18

19

20

21

22

23

24

25

26

27

28

Joseph R. Ashby (CA Bar No. 248579)
**SERGENIAN ASHBY LLP**
1055 West Seventh Street, 33rd Floor
Los Angeles, CA 90017
Telephone:     (323) 318-7771
joseph@sergenianashby.com

*Attorneys for Defendant GEICO General Insurance Company*

---

**AGREED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Agreed Protective Order that was entered

by the United States District Court for the Northern District of California on _____ [date]

in the case of *In Re GEICO General Insurance Company,* 4:19-cv-03768-HSG.  I agree to comply

with and to be bound by all the terms of this Agreed Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Agreed Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of United States District Court for the Northern

District of California for the purpose of enforcing the terms of this Agreed Protective Order, even

if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**AGREED PROTECTIVE ORDER**