UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GEICO General Insurance Company | Case No. 19-cv-03768-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 92, 99, 103, 106, 110 |

Pending before the Court are the parties' motions to file under seal portions of their class certification briefs and associated exhibits. Dkt. Nos. 92, 99, 103, 106, 110. For the reasons detailed below, the Court **DENIES** the motions to file under seal.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

Because the motion for class certification is more than tangentially related to the underlying action, the Court applies the "compelling reasons" standard in evaluating the motions to seal. The Court denies the motions because instead of narrowly tailoring its requests to only

1   cover sealable material, Defendant has sought to seal an unjustifiably broad swath of basic

2   business practice information.[1]  For example, Defendant indicates in its Opposition to Plaintiffs'

3   Motion for Class Certification that for total loss claims it complies with the California Total Loss

4   Regulation, which "provides that GEICO is required to pay all applicable taxes and one-time fees

5   incident to transfer of ownership and the 'remaining term' of the totaled vehicle's annual

6   registration fees."  Dkt. No. 99-4 at 2.  But Defendant seeks to seal the portion of a deposition

7   transcript of GEICO witness Phillip Gallimore and a different portion of its opposition that detail

8   this exact practice.  *See id*. at 4; Dkt. No. 99-1 at 2, ¶ 2.  Defendant claims that Gallimore's

9   deposition transcript, attached as Exhibit A to the Declaration of Kymberly Kochisin in Support of

10  GEICO's Opposition to Plaintiffs' Motion for Class Certification, "contain[s] confidential and

11  proprietary information concerning GEICO's internal procedures and operations relevant to

12  GEICO's processing and settlement of auto damage claims in California," and that "disclosure . . .

13  would cause GEICO harm and leave it at a competitive disadvantage."  Dkt. No. 99-1 at 2, ¶ 2.

14  But the fact that Defendant detailed this practice elsewhere in its opposition brief shows that its

15  request to seal Exhibit A in its entirety is overly broad.  And the same is true for several other

16  exhibits.

17       As a second example, Defendant seeks to seal the entirety of Exhibit T to the supplemental

18  declaration of Annick Persinger, a claim document provided by GEICO to Plaintiff Subbaiah.  *See*

19  Dkt. No. 104, ¶ 4.  GEICO indicates that Exhibit T is "the type of material used by GEICO in the

20  adjustment of California total loss claims and is part of GEICO's proprietary claims handling

21  processes and thus reflects GEICO's business practices with respect to the adjustment and

22  settlement of total loss claims and are generally considered confidential and proprietary by

23  GEICO."  *Id*.  But the substance of the claim letter reflects a business practice that is obviously

24  visible to claimants, as demonstrated by Plaintiff Subbaiah's allegation in the complaint detailing

25  the reason for GEICO's settlement of her claim.  *See* Dkt. No. 75, ¶ 19.

---

[1] As previously noted, the parties' filed motions to seal portions of their class certification briefs and associated exhibits.  In each of Plaintiffs' motions, Plaintiffs indicate that Defendant is the designating party.

These overly broad requests do not comply with Civil Local Rule 79-5(b), which requires that the "request must be narrowly tailored to seek sealing only of sealable material." Defendant makes the blanket assertion that the identified material constitutes confidential and proprietary business information, but as noted, much of the material details basic business practice information. Moreover, many of the requests were not limited to cover portions that refer directly to the purportedly proprietary information. In filing motions to seal, the burden is on the parties to justify, in detail, *each* proposed fact that they want to seal.

In light of the deficiencies of the pending motions to seal, the motions are **DENIED**. The Court **DIRECTS** the parties to file public versions of all documents within seven days of this order. The parties may also file a new motion to seal that comports with the requirements discussed above within seven days of this order. Additionally, any proposed order, or responsive declaration, must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority. The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed. The parties are advised that the Court is strongly disinclined to grant any further requests mirroring the overbroad prior requests that resulted in needlessly heavily-redacted briefs.

**IT IS SO ORDERED.**

Dated: 2/5/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge