UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GEICO General Insurance Company | Case No. 19-cv-03768-HSG<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>Re: Dkt. No. 122 |

Pending before the Court is Defendant's motion to file under seal portions of the class certification briefs and associated exhibits. Dkt. No. 122. ("Mot.") For the reasons detailed below, the Court **DENIES** the motion to file under seal.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civil L.R. 79-5(b).  Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard.  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action."  *Kamakana*, 447 F.3d at 1179–80 (quotations omitted).  This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II.   DISCUSSION**

Because the motion for class certification is more than tangentially related to the underlying claims, the Court applies the "compelling reasons" standard in evaluating the motion to seal.  The Court previously denied the parties' motions to seal because Defendant had "sought to

seal an unjustifiably broad swath of business practice information." Dkt. No. 118 at 3.  In its present motion to seal, Defendant contends that it seeks to seal only information that "disclose[s] GEICO's confidential and proprietary business practices with respect to the calculation and payment of sales tax as part of leased vehicle total loss claims in California." Mot. at 3.  The Court denies the motion because Defendant has again failed to narrowly tailor its requests to cover only sealable material.  For example, the Court previously rejected Defendant's attempt to seal the entirety of Exhibit T to the supplemental declaration of Annick Persinger, a claim document provided by GEICO to Plaintiff Subbaiah reflecting a business practice that is obviously visible to claimants.  Dkt. No. 118 at 3.  Notably, Defendant did not renew its request to seal this document, and an unredacted version of this document has since been filed on the public docket.  *See* Dkt. No. 121-2.  Yet Defendant still seeks to seal a portion of Plaintiffs' reply (footnote 5) that simply quotes this claim document.

As a second example, Defendant seeks to seal another portion of Plaintiffs' reply (footnote 6) pertaining to a change to GEICO's claim system that is detailed elsewhere in Plaintiffs' reply and cites to the exact same lines of Exhibit S to the supplemental declaration of Annick Persinger (Melinda West deposition excerpts).  These inconsistencies demonstrate that Defendant's requests are not narrowly tailored to cover only those portions of the briefing and exhibits that refer directly to the purportedly confidential and proprietary information.  The Court reemphasizes that the burden is on Defendant to justify, in detail, *each* proposed fact that it wants to seal.

In light of the deficiencies of the pending motion to seal, the motion is **DENIED**.  The Court **DIRECTS** Defendant to file public versions of all documents within seven days of this order.  Defendant may also file a new motion to seal that comports with the requirements discussed above within seven days of this order. Additionally, any proposed order must include in the table for each item sought to be sealed:  (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting

legal authority.[1]  The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed.

**IT IS SO ORDERED.**

Dated:  4/23/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that the proposed order Defendant filed did not comply with these requirements. Defendant did not include the docket numbers of both the public and provisionally sealed versions of the documents or the reasons for sealing the material.  *See* Dkt. No. 122-21.  In filing any new motion to seal, Defendant is reminded that the four listed requirements are mandatory.

4