UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTISHA ANN MUNOZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GEICO GENERAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 19-cv-03768-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO SEAL DOCUMENTS** <br><br> Re: Dkt. No. 128 |

Pending before the Court is Defendant's administrative motion to seal documents related to Plaintiffs' motion for class certification. *See* Dkt. No. 128. For the reasons detailed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

Because the motion to seal relates to Plaintiffs' motion for class certification, which is more than tangentially related to the underlying cause of action, the Court will apply the "compelling reasons" standard.

The current motion seeks to seal portions of documents that relate to Defendant's leased vehicle sales tax practices, the precise issue at the heart of this case. Defendant argues that the excerpts contain "confidential and proprietary GEICO information concerning its internal methodology, processes and procedures for calculating leased vehicle sales tax payments including, but not limited to, the proprietary tools GEICO developed to calculate such payments." Dkt. No. 128 at 3. Defendant further argues that public release of this information would harm it "because competitors could use this information to implement similar systems to process their claims." Dkt. No. 128-2 (Gallimore Decl.) at 1.

Despite Defendant's assertions, for the majority of the requested redactions, the Court does not see detailed, proprietary methodologies at risk of being used by competitors to Defendant's disadvantage. Instead, many of the portions Defendant seeks to seal are statements about whether

2

1   Defendant pays sales tax on leased vehicle total loss claims—the crux of Plaintiffs' allegations in
2   this case.  *See, e.g.*, Dkt. No. 128-7 (Defendant's Responses and Objections to Plaintiffs' First Set
3   of Interrogatories) at 8.  With two limited exceptions, Defendant seeks to seal high-level
4   information that does not warrant sealing to prevent competitors from gaining an advantage, given
5   the strong presumption in favor of public access to court records.  *See In re Electronic Arts, Inc.*,
6   298 Fed. Appx. 568, 569 (9th Cir. 2008) (directing the district court to seal information "which
7   gives [the defendant] an opportunity to obtain an advantage over competitors who do not know or
8   use it," such as the defendant's pricing terms, royalty rates, and guaranteed minimum payment
9   terms).  The two exceptions are pages 29-32 of the Kochis Declaration, Exhibit F, and the
10  Persinger Declaration, Exhibit S.  These pages describe the components of Defendant's sales tax
11  refund calculator and how the tool works, and could be used by competitors.  The Court finds
12  there is compelling reason to seal these pages, but not the rest of the requested redactions.

| Docket No. Public / (Sealed) | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| **Dkt. No. 129 – GRANTED IN PART AND DENIED IN PART** | | | |
| Dkt. No. 98 / (Dkt. No. 128-5) | Defendant's Opposition to Plaintiffs' Motion for Class Certification | • Page 5, Lines 7-16 | **DENIED** The general information about Defendant's leased vehicle sales tax practices is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 98-8 / (Dkt. No. 128-7) | Exhibit E to the Decl. of Kymberly Kochis in Support of Defendant's Opposition | • Page 8, Lines 23-26 | **DENIED** The general information about Defendant's leased vehicle sales tax practices is critical to |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   |   |   | the public's understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 98-9 / (Dkt. No. 128-9) | Exhibit F to the Decl. of Kymberly Kochis in Support of Defendant's Opposition | • Page 10, Lines 2-18<br>• Pages 20-25<br>• Pages 29-32<br>• Page 36, Lines 1-8 | **GRANTED IN PART**<br>The following contains confidential proprietary business information, including details on how a proprietary business tool works.<br>• Pages 29-32 |
| Dkt. No. 98-10 / (Dkt. No. 128-11) | Exhibit G to the Decl. of Kymberly Kochis in Support of Defendant's Opposition | • Page 9, Lines 11-14<br>• Page 10, Line 26 through Page 11, Line 3 | **DENIED**<br>The general information about Defendant's leased vehicle sales tax practices is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 91 / (Dkt. No. 128-13) | Plaintiffs' Motion for Class Certification | • Page 7, Lines 5-8 | **DENIED**<br>The general information about Defendant's leased vehicle sales tax practices is critical to the public's understanding of Plaintiffs' allegations and this case, and |

| | | | |
|---|---|---|---|
| | | | Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 91-1 / (Dkt. No. 128-15) | Exhibit E to the Decl. of Annick Persinger in Support of Plaintiffs' Motion for Class Certification | • Page 10, Lines 2-18 | **DENIED** The general information about Defendant's leased vehicle sales tax practices is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 91-1 / (Dkt. No. 128-17) | Exhibit F to the Decl. of Annick Persinger in Support of Plaintiffs' Motion for Class Certification | • Page 9, Lines 11-14<br>• Page 10, Line 26 through Page 11, Line 3 | **DENIED** The general information about Defendant's leased vehicle sales tax practices is critical to the public's understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 121 / (Dkt. No. 128-19) | Plaintiffs' Updated Corrected Reply in Support of Plaintiffs' Motion for Class Certification | • Page 10, Lines 23-26 (portions of footnote 5)<br>• Page 12, Lines 23-24 (portions of footnote 6) | **DENIED** The general information about Defendant's leased vehicle sales tax practices is critical to the public's |

5

| | | | |
|---|---|---|---|
| | | | understanding of Plaintiffs' allegations and this case, and Defendant has not established a compelling reason that overrides this interest or narrowly tailored the requested redactions. |
| Dkt. No. 102-1 / (Dkt. No. 128-21) | Exhibit S to the Supplemental Decl. of Annick Persinger in Support of Plaintiffs' Motion for Class Certification | • Pages 21-25<br>• Pages 29-32 | **GRANTED IN PART**<br>The following contains confidential proprietary business information, including details on how a proprietary business tool works.<br>• Pages 29-32 |

### III. CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** the administrative motion to file under seal, Dkt. No. 128. The Court **DIRECTS** the parties to file revised public versions of all documents for which the proposed sealing has been denied, in whole or in part, within seven days of this order. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 3/31/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge