Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA  94612
(510) 254-6808
apersinger@tzlegal.com

Edmund A. Normand*
Jacob L. Phillips*
**NORMAND PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
service@ednormand.com
ed@ednormand.com
jacob@normandpllc.com

Scott Edelsberg (CA Bar No. 330990)
**EDELSBERG LAW, PA**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: (305) 975-3320
scott@edelsberglaw.com

Michael Louis Kelly (CA Bar No. 82063)
Joshua A. Fields (CA Bar No. 242938)
**KIRTLAND & PACKARD LLP**
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Tel: (310) 536-1000 / Fax: (310) 536-1001
mlk@kirtlandpackard.com
jf@kirtlandpackard.com

Andrew John Shamis*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Ste 1205
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

*Appearing Pro Hac Vice*
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

*In Re GEICO General Insurance Company*

CASE NO. 4:19-cv-03768-HSG

Hon. Haywood S. Gilliam, Jr.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARD; MEMORANDUM IN SUPPORT**

**Date:** December 15th, 2022
**Time:** 2:00 pm
**Courtroom:** Courtroom 2, 4th Floor

**TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15th, 2022 at 2:00 pm, or as soon thereafter as this matter may be heard, in Courtroom 2, before the Honorable Haywood S. Gilliam, Jr., Plaintiffs Cindy Ventrice-Pearson, Poonam Subbaiah, and Kristen Perez will respectfully move this court to award Settlement Class Counsel attorney's fees and costs in the amount of $3,900,000.00. In addition, Plaintiffs move for service awards in the following amounts: $15,000.00 to Plaintiff Subbaiah, $10,000.00 to Plaintiff Ventrice-Pearson, and $5,000 to Plaintiff Perez.

This unopposed motion is supported by the Declarations of Annick M. Persinger, Scott Edelsberg, Jacob L. Phillips, Andrew J. Shamis, Joshua A. Fields, and Poonam Subbaiah.

DATED: September 12th, 2022

Respectfully submitted,

*/s/ Annick Persinger*
Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA  94612
(510) 254-6808
apersinger@tzlegal.com

Edmund A. Normand*
Jacob L. Phillips*
**NORMAND PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
service@ednormand.com
ed@ednormand.com
jacob@normandpllc.com

Michael Louis Kelly (CA Bar No. 82063)
Joshua A. Fields (CA Bar No. 242938)
**KIRTLAND & PACKARD LLP**
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Tel: (310) 536-1000 / Fax: (310) 536-1001
mlk@kirtlandpackard.com
jf@kirtlandpackard.com

Andrew John Shamis*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Ste 1205
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

Memorandum of Points and Authorities
Case No. 4:19-cv-03768-HSG

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Scott Edelsberg (CA Bar No. 330990)
**EDELSBERG LAW, PA**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ................................................................................................3

III.  SETTLEMENT CLASS COUNSEL'S FEES AND COSTS REQUEST IS FAIR,
      REASONABLE, AND APPROPRIATE ............................................................5

      A.    The requested fee award is reasonable under the lodestar method. ....................5

            1.    Settlement Class Counsel's hourly rates are reasonable market-based rates ............6

            2.    Settlement Class Counsel spent a reasonable number of hours pursuing this
                  litigation. ........................................................................................7

            3.    A 1.9 multiplier is also reasonable.....................................................9

                  (i)    Settlement Class Counsel achieved an exceptional result for the classes......9

                  (ii)   Settlement Class Counsel expended significant resources on behalf of
                         the classes. .....................................................................10

                  (iii)  This case presented difficult questions, requiring extraordinary skill by
                         Settlement Class Counsel...................................................10

                  (iv)   The market rate of lawyers with experience of Settlement Class
                         Counsel supports the request. ............................................12

                  (v)    Plaintiffs' counsel by-passed other cases due to their commitment
                         to this case. ..................................................................12

                  (vi)   The requested multiplier is reasonable when compared to other
                         similar litigation. ...........................................................13

                  (vii)  The reputation, ability, and efficiency of Settlement Class Counsel
                         supports the requested fee. ...............................................13

      B.    The fee award is also reasonable under the percentage-of-the-fund
            method. .........................................................................................14

      C.    Plaintiff's Counsel Should Be Awarded Costs.........................................15

IV.   THE CLASS REPRSENTATIVES' AWARD IS LAWFUL, REASONABLE, AND
      FAIRLY COMPENSATES THEIR SIGNIFICANT CONTRIBUTIONS TO THE
      RESULTS OBTAINED FOR THE CLASS.....................................................15

V.    CONCLUSION................................................................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**Cases**

*Alcantar v. Hobart Serv.*,
No. EDCV111600PSGSPX, 2018 WL 11356321 (C.D. Cal. Aug. 13, 2018) ............................18

*Bluetooth Headset Prods. Liability Litig.*,
654 F.3d 935 (9th Cir. 2011) ........................................................................................5, 14

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ............................................................................................................14

*Briseno v. Henderson*,
998 F.3d 1014 (9th Cir. 2021) ...............................................................................................2

*Buccellato v. AT&T Operations, Inc.*,
2011 WL 4526673 (N.D. Cal. June 30, 2011) ....................................................................13

*Carlotti v. Asus Comput. Int'l*,
2020 WL 3414653 (N.D. Cal. June 22, 2020) ....................................................................14

*Chavez v. Stellar Mgmt. Grp. VII, LLC*,
No. 19-CV-01353-JCS, 2022 WL 827115 (N.D. Cal. Mar. 18, 2022) ................................17

*Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*,
No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) ..............................6

*Dorsette v. TA Operating LLC*,
No. EDCV091350PARZX, 2010 WL 11583002 (C.D. Cal. July 26, 2010) ........................18

*Dyer v. Wells Fargo Bank, N.A.*,
303 F.R.D. 326 (N.D. Cal. 2014) ........................................................................................13

*Farrell v. Bank of Am., N.A.*,
327 F.R.D. 422 (S.D. Cal. 2018) ........................................................................................13

*Fitzhenry-Russell v. Coca-Cola Co.*,
2019 WL 11557486 (N.D. Cal. Oct. 3, 2019) ....................................................................14

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
2017 WL 4685536 (C.D. Cal. May 8, 2017) ......................................................................17

*Fox v. Vice*,
563 U.S. 826 (2011) ..............................................................................................................7

*Franchek v. Workrite Ergonomics, LLC*,
No. 16CV02789JSWDMR, 2022 WL 3137928 (N.D. Cal. May 9, 2022) ..........................12

*Franco v. E-3 Sys.*,
2021 WL 2333851 (N.D. Cal. June 8, 2021) ........................................................................6

*Guilbaud v. Sprint Nextel Corp.*,
No. 3:13-CV-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016) ............................17

*Gutierrez v. Wells Fargo Bank, N.A.*,
No. C 07-05923 WHA, 2015 WL 2438274 (N.D. Cal. May 21, 2015) ................................6

*Hensley v. Eckerhart,*
　461 U.S. 424 (1983) ........................................................................................................5

*In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.,*
　No. 11-MD-2269 THE, 2013 WL 174056 (N.D. Cal. Jan. 16, 2013) ..............................11

*In re CenturyLink Sales Pracs. & Sec. Litig.,*
　No. CV 17-2832, 2020 WL 7133805 (D. Minn. Dec. 4, 2020) .......................................16

*In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litig.,*
　2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) ...........................................6, 9, 12, 15

*In re Omnivision Techs., Inc.,*
　559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................................15

*In re Optical Disk Drive Prod. Antitrust Litig.,*
　No. 3:10-md-2143-RS, 2016 WL 7364803 (N.D. Cal. Dec. 19, 2016) ............................6

*In re Washington Pub. Power Supply Sys. Sec. Litig.,*
　19 F.3d 1291 (9th Cir. 1994) ...........................................................................................7

*In re Wells Fargo & Co. S'holder Derivative Litig.,*
　2021 WL 926706 (N.D. Cal. Mar. 4, 2021) ....................................................................6

*Jabbari v. Wells Fargo & Co.,*
　No. 15-CV-02159-VC, 2018 WL 11024841 (N.D. Cal. June 14, 2018) .........................17

*Koertge v. LG Elecs. USA, Inc.,*
　No. 212CV06204JLLMAH, 2013 WL 12156331 (D.N.J. Dec. 3, 2013) ..........................18

*Kumar v. Salov N. Am. Corp.,*
　2017 WL 2902898 (N.D. Cal. July 7, 2017) ....................................................................7

*LeBlanc-Sternberg v. Fletcher,*
　143 F.3d 748 (2d Cir. 1998) .............................................................................................7

*Lerma v. Schiff Nutrition Int'l, Inc.,*
　No. 11CV1056-MDD, 2015 WL 11216701 (S.D. Cal. Nov. 3, 2015) ..............................9

*Lopez v. Youngblood,*
　2011 WL 10483569 (E.D. Cal. Sept. 2, 2011) ...............................................................14

*Love v. Rivendell II, Ltd., et al.,*
　Case No. 18-cv-03907-JST (EDL) (N.D. Cal. Mar. 11, 2019) ........................................6

*Miletak v. Allstate Ins. Co.,*
　No. C 06-03778 JW, 2012 WL 12924933 (N.D. Cal. July 12, 2012) .............................16

*Miller v. Ghirardelli Chocolate Co.,*
　No. 12-cv-04936, 2015 WL 758094 (N.D. Cal. Feb 20, 2015) ......................................18

*Missouri v. Jenkins,*
　491 U.S. 274 (1989) .........................................................................................................7

*Mulkey v. CSAA Ins. Exch.,*
　Case No. 20-cv-08120-RS (N.D. Cal. Mar. 10, 2021) ..............................................5, 11

*Nitsch v. DreamWorks Animation SKG Inc.,*
　2017 WL 2423161 (N.D. Cal. June 5, 2017) ...................................................................6

Memorandum of Points and Authorities
Case No. 4:19-cv-03768-HSG

*Noll v. eBay, Inc.*,
   309 F.R.D. 593 (N.D. Cal. 2015) ........................................................................13

*Parkinson v. Freedom Fid. Mgmt., Inc.*,
   No. 10-CV-0345-TOR, 2012 WL 5194955 (E.D. Wash. Oct. 19, 2012).................11

*Prison Legal News v. Schwarzenegger*,
   608 F.3d 446 (9th Cir. 2012) .............................................................................6

*Roberts v. Marshalls of CA, LLC*,
   2018 WL 510286 (N.D. Cal. Jan. 23, 2018) ...................................................8, 11

*Rodriguez v. Marshalls of CA, LLC*,
   No. EDCV181716MWFSPX, 2020 WL 7753300 (C.D. Cal. July 31, 2020)...........11

*Rodriguez v. West Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) .............................................................................15

*Roth v. GEICO Gen. Ins. Co.*,
   No. 16-62942-CIV, 2020 WL 10818393 (S.D. Fla. Oct. 8, 2020) .......................18

*Singleton v. Elephant Ins. Co.*,
   953 F.3d 334 (5th Cir. 2020) .............................................................................11

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) ...........................................................................14

*Smith v. CRST Van Expedited, Inc.*,
   2013 WL 163293 (S.D. Cal. Jan. 14, 2013) ......................................................17

*Sos v. State Farm Mut. Auto. Ins. Co.*,
   No: 6:17-cv-890-PGB-LRH, 2021 U.S. Dist. LEXIS 52898 (M.D. Fla. Mar. 19, 2021) ...........................7

*Steiner v. Am. Broad. Co.*,
   248 Fed. Appx. 780 (9th Cir. 2007) ..................................................................13

*Taylor v. Shippers Transp. Express, Inc.*,
   No. CV1302092BROPLAX, 2015 WL 12658458 (C.D. Cal. May 14, 2015)..........17

*Theodore Broomfield v. Craft Brew All., Inc.*,
   2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ......................................................14

*Van Vranken v. Atl. Richfield Co.*,
   901 F. Supp. 294 (N.D. Cal. 1995)...............................................................16, 17

*Vizcaino v. Microsoft Corp.*
   290 F.3d 1043 (9th Cir. 2002)...................................................................6, 9, 13

*Wehlage v. Evergreen at Arvin LLC*,
   No. 4:10-CV-05839-CW, 2012 WL 4755371 (N.D. Cal. Oct. 4, 2012)..................16

*Wilkerson v. Am. Family Ins. Co.*,
   997 F.3d 666 (6th Cir. 2021) .............................................................................11

*Williams v. MGM Pathe Commc'ns Co.*,
   129 F.3d 1026 (9th Cir. 1997)........................................................................3, 14

*Wolf v. Permanente Med. Grp., Inc.*,
   No. 3:17-CV-05345-VC, 2018 WL 5619801 (N.D. Cal. Sept. 14, 2018) ..............17

*Young v. Polo Retail, LLC,*
  No. C 02 4546 VRW, 2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ............................................................14

**Statutes**

Cal. Ins. Code § 2695.8(b)(1)..............................................................................................................................3

**Other Authorities**

Newberg on Class Actions §14.6 (4th Ed. 2007 update) ......................................................................14

Plaintiffs Cindy Ventrice-Pearson, Poonam Subbaiah, and Kristen Perez (together "Plaintiffs"), individually and on behalf of the certified Settlement Class, submit this memorandum in support of Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Award.

## I.        INTRODUCTION

Plaintiffs, along with their counsel, brought three lawsuits against GEICO entities alleging that GEICO failed to pay the promised actual cash value ("ACV") of their vehicles at the time that their insured vehicles were determined to be a total loss. Specifically, Plaintiffs alleged that GEICO underpaid Sales Tax and/or Regulatory Fees that it had promised to pay when it promised to pay ACV at the time of total loss. After Plaintiffs filed and vigorously litigated their lawsuits, GEICO changed its practices to pay the Sales Tax and Fees that Plaintiffs claimed should have been paid to California insureds and agreed to pay significant cash relief to Settlement Class Members who make valid claims.

By bringing these actions on behalf of Plaintiffs and similarly situated California insureds, Settlement Class Counsel undertook significant risk. In that regard, Settlement Class Counsel agreed to represent Plaintiffs on a fully contingent basis knowing that they would have to advance time and out-of-pocket costs with no guarantee of recovery. Indeed, the likelihood of prevailing was uncertain here due to the lack of controlling precedent interpreting the insurance contracts at issue.

Despite the risk, with their skill and commitment to excellence, Settlement Class Counsel defeated GEICO's attempt to rid itself of this class action with a motion to compel appraisal in the *Subbaiah* case and a motion to dismiss on the merits and to compel appraisal in the *Munoz* case, coordinated the three actions filed by Plaintiffs, took discovery, and forced GEICO to the settlement table with a fully briefed motion for class certification. Settlement Class Counsel vigorously litigated this case at every step, and they delivered excellent results for the Class while working efficiently and expending reasonable time and resources.

The Settlement benefits, which include $19.5 million in cash available for claimants, as well as prospective relief that cements the practice changes made by GEICO (worth approximately $23.93 to $47.93 million), could not have been achieved without Plaintiffs' and Settlement Class Counsel's pursuit of these inherently risky consumer class action cases.

Memorandum of Points and Authorities
Case No. 4:19-cv-03768-HSG

Now, in this Motion, Plaintiffs seek a total of $3,900,000.00 in attorneys' fees and costs, which is comprised of $3,852,553.39 in attorneys' fees and $47,446.61 in reimbursable costs. *See* Settlement Agreement ¶ 39. (providing that GEICO agrees to pay attorney's fees and costs of up to $3,900,000.00).

Plaintiffs also seek $30,000 in service awards ($15,000.00 to Plaintiff Subbaiah, $10,000.00 to Plaintiff Ventrice-Pearson, and $5,000 to Plaintiff Perez) for their service in representing and zealously advocating on behalf of Class Members. *See id.* The named Plaintiffs played an active role every step of the way and contributed significantly to the end result. The payment of these amounts for fees, costs, and service awards are separate and apart from the recovery of the Class, and therefore do not reduce the recovery of the Class.

Plaintiffs request for $3,852,553.39 in attorneys' fees amounts to a modest lodestar multiplier of just under 1.9, which is consistent with the multipliers that courts award when class counsel produce work-product of this caliber after undertaking the risk of a complex class action like this one on a contingency basis.

In addition, Plaintiffs' fee request represents 19.7% of the cash benefit available to the class (not including prospective relief), 8% of the benefit to the class when including five years of prospective relief, and 13.4% of the benefit to the class when including only one year of prospective relief. These percentages also support a finding of reasonableness since courts have approved percentages up to 30% of the total settlement value made available.

Importantly, the requested fee award, along with the Settlement as a whole, avoids the pitfalls flagged by the Ninth Circuit in *Briseno v. Henderson*, 998 F.3d 1014, 1026-28 (9th Cir. 2021). Most notably, the monetary relief provided to claimants here is much higher than the few cents allotted to class members in *Briseno*. The significant monetary benefits to claimants here confirms that there is no collusion of the sort in *Briseno* and supports Plaintiffs' lodestar multiplier, which is well within range and comparable to other lodestar multipliers that have been awarded by courts when counsel have achieved similar monetary benefits. Other important distinctions include the fact that, here, the prospective relief provided by the agreement provides real estimable monetary relief—not an illusory injunction like in *Briseno*. Unlike in *Briseno*, the injunctive relief achieved here underscores the fairness of Plaintiffs' requested fee and cost award as courts

in the Ninth Circuit take into account the value of changed practices when assessing the reasonableness of a fee. *See Williams v. MGM Pathe Commc'ns Co.*, 129 F.3d 1026 (9th Cir. 1997) (finding "district court abused its discretion in basing attorney fee award on actual distribution to class" instead of amount being made available). And, while in *Briseno* there was no direct notice, here, Settlement Class Counsel used their long experience in complex consumer cases to negotiate multiple direct notices and a user-friendly claim submission process. Given the work performed by Class Counsel and the substantial time, effort, and personal sacrifice of the named Plaintiffs, the fee, cost, and service awards sought in this Motion are reasonable. For all the reasons set forth herein, Plaintiffs request that the Court grant these awards.

## II.    BACKGROUND

This case involves allegations that GEICO breached private passenger auto insurance policies issued to Plaintiffs and similarly-situated insureds by failing to properly pay the full amount of sales tax (as to leased vehicles) and regulatory fees (as to all vehicles) owed to insureds whose vehicles were determined to be total losses. Plaintiffs allege that GEICO's insurance policies define actual cash value ("ACV") as the "replacement cost" of the auto, less depreciation, and therefore require payment of the full amount of sales tax and regulatory fees applicable to the purchase of a replacement vehicle as part of ACV upon the total loss of a covered auto.  Plaintiffs alleged that GEICO's practices of failing to include sales tax for leased-vehicle insureds and paying an improper amount of regulatory fees for all vehicles in ACV payments constitutes a breach of contract.[1] Phillips Decl. ¶¶ 6-13.  This class action seeks underpaid sales tax and regulatory fees on behalf of GEICO insureds in California.

This consolidated class action has been hotly contested at every stage. The Parties litigated multiple motions to compel appraisal and multiple motions related to consolidation and transfer of what was originally three different cases. Settlement Class Counsel deposed multiple corporate representatives and adjusters of GEICO, as well as GEICO's expert witnesses, and GEICO deposed the class representatives and Plaintiffs' expert witnesses. Class Counsel reviewed thousands of pages of documents GEICO

---

[1] More specifically, Plaintiffs believe that, assuming Cal. Ins. Code § 2695.8(b)(1) permits GEICO to calculate registration fees based on the "remaining term of the loss vehicle's current registration," such proration should apply to a given month at its conclusion (rather than, as GEICO contends, its outset) or that, at minimum, the "remaining term" should be calculated on a daily (not monthly) basis.

produced, as well as third-party subpoena documents and numerous interrogatory responses. Most of all, this case is data intensive, requiring Class Counsel to meticulously review spreadsheets with, collectively, millions of lines of data involving over 220,000 total-loss claims. Phillips Decl. at ¶¶ 14-18. Settlement Class Counsel then prepared extensive briefing on class certification, and prepared and submitted multiple expert reports.

The time Settlement Class Counsel spent litigating this case inured to the benefit of the Class. In the Settlement Agreement achieved here, GEICO agrees to, upon submission of a valid claim: (1) make payment of 100% of the sales tax at the applicable state and county rate at the time of loss to all insureds who leased their vehicles (and thus were not paid sales tax as part of their ACV total-loss payment); (2) make payment of $6.88, representing approximately one-half of a monthly regulatory fees payment, to all Settlement Class Members; and (3) moving forward, absent a clarifying change in statutory law or a contrary opinion by the Ninth Circuit or California appellate court, include sales tax at the applicable rate to leased-vehicle insureds, and calculate regulatory fees as a daily proration for all qualifying insureds, rather than subtracting the monthly amount at the beginning of each month. Phillips Decl. ¶¶ 27-29. This is an impressive result for Settlement Class Members. Indeed, on average, sales tax class members will be paid $2,051.98. *Id.* ¶ 30.

Plaintiffs calculate the Settlement Agreement's monetary value at approximately $24 to $48 million, depending on inclusion of prospective or injunctive relief moving forward and the reasonable length of time, which includes approximately $19.5 million in cash available for claimants, approximately $4.4 million in attorneys' fees and costs and notice and administration costs that GEICO agreed to pay without reducing the class recovery.[2] Phillips Decl. ¶¶ 35-40. In addition to the payments described above, the Settlement Agreement requires GEICO, going forward, to include the full applicable sales tax necessary to purchase a replacement vehicle for leased-vehicle insureds, and to calculate the "remaining term" of registration fees on a daily basis, rather than the monthly basis GEICO currently used (which will benefit GEICO insureds by an estimated average of $6.88 per claim).

---

[2] Prospective relief is calculated based on (1) the average number of total-loss claims for leased vehicles multiplied by the average sales tax amount and (2) $6.88 multiplied by the estimated total-loss claims. The $6.88 is based on the estimated average payment resulting from GEICO's agreement to use a daily proration method. *Id.* at ¶ 29.

This settlement provides final resolution and significant relief—nearly 100% of potential damages to the Sales Tax Class and 92.8% of damages overall—for claims that have uncertain prospects for success. *Id.* at ¶ 29. No California court—state or federal—has held that insureds who lease a vehicle are entitled, upon an insurer's total loss determination, to full payment of sales tax notwithstanding that the sales tax necessary to lease a vehicle is different—and less—than sales tax necessary to purchase a vehicle. One federal court granted a motion to dismiss similar claims. *See* Order Granting Motion to Dismiss, *Mulkey v. CSAA Ins. Exch.*, Case No. 20-cv-08120-RS (N.D. Cal. Mar. 10, 2021) (Dkt. 28). Plaintiffs believe their claims here are meritorious and that they would ultimately prevail, but the risk that this Court or the Ninth Circuit would rule against Plaintiffs' claims cannot be denied.

## III.   SETTLEMENT CLASS COUNSEL'S FEES AND COSTS REQUEST IS FAIR, REASONABLE, AND APPROPRIATE

Settlement Class Counsel seek a total of $3.9 million in fees and costs, which falls within the range provided for in the Settlement Agreement. Settlement Agreement ¶ 39.

Under Ninth Circuit standards, the district court can award attorneys' fees based on either: (1) the "lodestar" method under which the hours reasonably spent by class counsel are multiplied by the reasonable rate, or (2) a percentage of the benefit made available to the settlement class, including costs, fees, and injunctive relief. *See, e.g., Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Under both the lodestar and percentage methods, the requested fee award is reasonable. Class Counsel took on significant litigation risk, worked tirelessly yet efficiently throughout this litigation, and obtained excellent relief for the Class. All these factors support the requested fee award.

### A.   The requested fee award is reasonable under the lodestar method.

The requested fees are reasonable under the lodestar method.

*First*, Class Counsel's base or "touchstone" lodestar of $2,061,770.95 is the result of the expenditure of reasonable hours multiplied by reasonable hourly market rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (The lodestar figure is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."). Here, Settlement Class Counsel worked a total of 3,240.05 hours as they persevered at every stage of this three-year long litigation. *See* Persinger Decl. ¶ 42; Edelsberg Decl.

¶ 11; Phillips Decl. ¶ 55; Shamis Decl. ¶ 16; Fields Decl. ¶ 26. And courts regularly find that Settlement Class Counsel's rates are reasonable in awarding them fees. *See infra* Part III.A.1.

*Second*, the quality of representation, the novelty of the issues in the case, the results obtained for the Class, and the contingent risk that Settlement Class Counsel undertook easily supports the request for a 1.9 multiplier, especially since this multiplier request is well within the range of multipliers regularly awarded in similar consumer cases. *See e.g.*, *Vizcaino v. Microsoft Corp.* 290 F.3d 1043, 1051, n.6 (9th Cir. 2002) (upholding multiplier of 3.65); *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065 (N.D. Cal. Dec. 6, 2017) (awarding multiplier of 3.66).

> 1. *Settlement Class Counsel's hourly rates are reasonable market-based rates.*

The hourly rates sought—ranging from $180.00 to $1,000.00—are based on the prevailing market rate in this locality for attorneys of similar skill and ability performing similar work. *E.g.*, *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (awarding rates of up to $870.00 to $1,200.00); Report and Recommendation Regarding Plaintiff's Motion for Default Judgment at 9-10, *Love v. Rivendell II, Ltd., et al.*, Case No. 18-cv-03907-JST (EDL) (N.D. Cal. Mar. 11, 2019) (Dkt.. 25) (awarding rates of $650.00 in class action); *Franco v. E-3 Sys.*, 2021 WL 2333851, at *7 (N.D. Cal. June 8, 2021) ($550.00 and $700.00); *In re Wells Fargo & Co. S'holder Derivative Litig.*, 2021 WL 926706, at *7 (N.D. Cal. Mar. 4, 2021) (rates of $899.00, $661.00 for "junior attorneys," $1,025.00 for partners, and $660.00 for associates are consistent with prevailing market rates); *In re Optical Disk Drive Prod. Antitrust Litig.*, No. 3:10-md-2143-RS, 2016 WL 7364803, at *8 (N.D. Cal. Dec. 19, 2016) (approving hourly rates of $205 to $950); *Civil Rights Educ. and Enforcement Ctr. v. Ashford Hospitality Trust, Inc.*, No. 15–cv–00216–DMR, 2016 WL 1177950 (N.D. Cal. Mar. 22, 2016) (finding that requested hourly rates of $900, $750, $550, $500, $430, and $360 for attorneys and $225 for paralegals were "in line with the market rates charged by attorneys and paralegals of similar experience, skill, and expertise practicing in the Northern District of California"); *Gutierrez v. Wells Fargo Bank, N.A.*, No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (approving hourly rates of $475 to $975); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2012) (finding that the district court did not abuse its discretion by awarding hourly rates between $425, $700, and $875).

The rates utilized by Class Counsel also account for rates awarded to them by other courts. *E.g.*, *Sos v. State Farm Mut. Auto. Ins. Co.*, No: 6:17-cv-890-PGB-LRH, 2021 U.S. Dist. LEXIS 52898 (M.D. Fla. Mar. 19, 2021) (rates of up to $800.00 for Normand PLLC in contested fee petition); *Kumar v. Salov N. Am. Corp.*, 2017 WL 2902898, at *1 (N.D. Cal. July 7, 2017) (approving rates of up to $826.00 for Tycko & Zavareei LLP attorneys). Moreover, in an abundance of caution, Class Counsel has expended billing judgment and has subtracted hours that were even arguably duplicative, unnecessary, or objectionable in any way to a private fee-paying client. Phillips Decl. ¶ 57.

Class Counsel's current rates are also appropriate given the deferred and contingent nature of counsel's compensation. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment …." (citing *Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989)); *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). Using current rates, rather than historical rates, will fairly compensate counsel for the significant risk of nonpayment and deferred payment taken on in connection with this matter.[3]

    2.    *Settlement Class Counsel spent a reasonable number of hours pursuing this litigation.*

Settlement Class Counsel litigated this action heavily but efficiently, and expended a reasonable number of hours in light of the work performed. In evaluating the reasonableness of the hour spent litigating an action, "trial courts need not, and indeed should not, become green-eyeshade accountants" because the essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, Class Counsel's efforts to date include, without limitation:

- Pre-filing investigation;

- Drafting and filing multiple class action complaints and a consolidated amended complaint;

---

[3] Kirtland & Packard LLP used both current and historical rates in their lodestar calculation.

- Drafting responses to GEICO's motions to dismiss, compel appraisal, transfer, consolidate, and stay the case;

- Preparing initial disclosures, interrogatories, requests for admission, and requests for the production of documents, 6 third-party subpoenas, and multiple public records requests;

- Other discovery tasks, which involved, among other things, reviewing voluminous data spreadsheets, expert testimony, defending depositions of the class representatives, deposing Defendant's and third party witnesses, , and deposing expert witnesses, all of which related to Defendants claim-handling practices and procedures, data storage and retention, damages, and the merits of the claims;

- Retaining and working with a lease/leasing industry expert and a regulatory fee expert;

- Briefing class certification, which involved novel and complex issues of unsettled law and required knowledge concerning complicated data systems and technological advances, California's complex regulatory regime applicable to the insurance industry;

- Preparing various routine filings;

- Meeting-and-conferring with GEICO's counsel regarding various case management matters;

- Drafting a mediation statement and participating in multiple mediation sessions;

- Negotiating and drafting the Settlement Agreement along with corresponding documents, including claim forms, summary notice, and long-form notice;

- Filing the motion for preliminary approval and supporting documents, including a proposed preliminary approval order and a proposed final judgment;

- Supervising the work of the Claims Administrator; and

- Preparing this motion and supporting documentation.

Persinger Decl. ¶¶ 3-22; Edelsberg Decl. ¶¶ 6-10; Philliips Decl. ¶ 70; Shamis Decl. ¶¶ 9-15; Fields Decl. ¶¶ 3-17. The hours spent on these tasks were appropriately expended and necessary to achieve the significant benefit obtained as a result of this litigation. As such, Plaintiffs respectfully submit that the Court can easily find that Settlement Class Counsel and their staff expended a reasonable number of hours on this litigation. *See, e.g., Roberts v. Marshalls of CA, LLC*, 2018 WL 510286, at *15 (N.D. Cal. Jan. 23, 2018) (finding that a

reasonable number of hours were spent on the litigation where "Class Counsel's records show they spent their time investigating claims; conducting and reviewing discovery; communicating with Plaintiffs, Class Members, and co-counsel; performing legal research; drafting pleadings and motions; participating in mediation; and preparing for and making court appearances").

**3.**     *A 1.9 multiplier is also reasonable.*

A multiplier here of just under 1.9 is a reasonable adjustment to the base lodestar.

A court may give an "upwards adjustment to a lodestar (through a positive multiplier)," based on the *Kerr* "reasonableness" factors, "including: (1) the amount involved and the results obtained, (2) the time and labor required, (3) the novelty and difficulty of the questions involved, (4) the skill requisite to perform the legal service properly, (5) the preclusion of other employment by the attorney due to acceptance of the case, (6) the customary fee, (7) the experience, reputation, and ability of the attorneys, and (8) awards in similar cases." *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, at *7 (N.D. Cal. Dec. 6, 2017). "Foremost among these considerations, however, is the benefit obtained for the class." *Id.* (internal quotations omitted).

**(i)**     <u>Settlement Class Counsel achieved an exceptional result for the classes.</u>

Plaintiffs and Class Counsel secured an excellent settlement for the Class before class certification that provides for 100% percent of the Sales Tax Plaintiffs amounts and at least 50 percent of registration fees owed to Class members under Plaintiff's theory of liability. Phillips Decl. ¶¶ 27-29. *In re National Collegiate Athletic Association Athletic Association*, 2017 WL 6040065, at *7 (finding that a 3.66 multiplier was "strongly support[ed]" where "class members will receive approximately 50% of their damages, a result almost never achieved in large, complex anti-trust cases").

Moreover, in light of the uncertainty regarding the legality of GEICO's handling of total loss claims involving leased vehicles, the changed practices are particularly valuable to the Class. The excellent result in the face of this risk supports the fee award. *See id.; see also Vizcaino*, 290 F.3d at 1050; *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11CV1056-MDD, 2015 WL 11216701, at *12 (S.D. Cal. Nov. 3, 2015) (finding 1.46 multiplier justified "by the risk of undertaking the case and by the value of the injunctive relief").

1

        (ii)      <u>Settlement Class Counsel expended significant resources on behalf</u>

2

        <u>of the classes.</u>

3

      Settlement Class Counsel collectively devoted over 3,200 hours in attorney and staff time in

4

litigating this matter. They have also spent $47,446.61 in expenses in this litigation. This commitment of

5

time, personnel, and money to the classes supports the requested award.

6

      While at the same time that Settlement Class Counsel devoted substantial time and cost in this case,

7

Settlement Class Counsel also litigated this action efficiently by ensuring that they were not duplicating each

8

other's labor. For instance, Ms. Persinger and her team at Tycko & Zavareei took the lead on polishing and

9

filing writing projects, Mr. Fields of Kirtland and Packard and his team took the lead on client

10

communications, responding to discovery, and worked with co-counsel on briefing-related documents, Mr.

11

Phillips and his team at Normand PLLC took the lead in deposing witnesses, reviewing data, and retaining

12

experts, and worked closely with Tycko and Zavareei on drafting, and Mr. Edelsberg and Mr. Shamis of

13

Edeslberg Law and Shamis & Gentile P.A. played critical roles in case initiation against multiple GEICO

14

entities and on mediation and settlement discussions as the case progressed.

15

        (iii)     <u>This case presented difficult questions, requiring extraordinary skill</u>

16

        <u>by Settlement Class Counsel.</u>

17

      The third and fourth *Kerr* factors—the difficulty of the questions presented by the litigation and the

18

skill required to perform the legal services properly—both support the requested award. Settlement Class

19

Counsel first had to overcome GEICO's argument that the cases should be dismissed and that Plaintiffs'

20

claims should be compelled to an appraiser. Overcoming this motion took skill and ingenuity because at the

21

time GEICO's motions to compel appraisal were pending, GEICO had already successfully compelled a

22

similar action to appraisal in a different state. Plaintiffs then had to present the motion for certification of

23

damage classes so as to overcome GEICO's arguments about the infeasibility of calculating damages using

24

its databases. Working with experts, counsel had to identify, acquire, and understand complicated data to

25

provide a workable method of calculating damages and to show the Court that a class action would be

26

administratively feasible to maintain.

27

28

Memorandum of Points and Authorities
Case No. 4:19-cv-03768-HSG

Multipliers are also particularly appropriate in cases, like this one, where the legal issues are uncertain, and thus the risk is high. *Rodriguez v. Marshalls of CA, LLC*, No. EDCV181716MWFSPX, 2020 WL 7753300, at *10 (C.D. Cal. July 31, 2020) (granting multiplier where risks to the litigation made an unfavorable outcome uncertain); *Roberts v. Marshalls of CA, LLC*, No. 13-CV-04731-MEJ, 2018 WL 510286, at *16 (N.D. Cal. Jan. 23, 2018) (same); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *10 (N.D. Cal. Sept. 2, 2015) (granting multiplier where "the issues presented in the case were sufficiently complex and novel"); *Parkinson v. Freedom Fid. Mgmt., Inc.*, No. 10-CV-0345-TOR, 2012 WL 5194955, at *5 (E.D. Wash. Oct. 19, 2012) (granting multiplier where success on claims was uncertain). Multipliers are also used to reward efficient and successful resolution of cases, which serves policy goals of settlement and avoiding wasteful litigation. *In re Bank of Am. Credit Prot. Mktg. & Sales Pracs. Litig.*, No. 11-MD-2269 THE, 2013 WL 174056, at *1 (N.D. Cal. Jan. 16, 2013) ("The multiplier of approximately 1.6 is justified by the risk Counsel undertook and the results they achieved for the Class in an efficient manner.").

And the risk in this litigation was high. Throughout, GEICO maintained (and still maintains) that it has strong defenses to the merits of the claim as well as the class certification process. As of today, one federal court in this Circuit has addressed the regulatory fee question on the merits, and it ruled against the plaintiff insured by granting a motion to dismiss the claim. Order Granting Motion to Dismiss, *Mulkey v. CSAA Ins. Exch.*, Case No. 20-cv-08120-RS (N.D. Cal. Mar. 10, 2021) (D.E. 28). Further, three federal appeals courts have considered similar claims, and all three have ruled in favor of the insurers and against the plaintiffs. *See Singleton v. Elephant Ins. Co.*, 953 F.3d 334 (5th Cir. 2020); *Sigler v. Geico Cas. Co.*, 967 F.3d 658 (7th Cir. 2020); *Wilkerson v. Am. Family Ins. Co.*, 997 F.3d 666 (6th Cir. 2021). To be clear, Plaintiffs believe these decisions are distinguishable and incorrect, but they demonstrate the risks Plaintiffs and Class Counsel assumed when bringing this case to obtain civil justice for the Class.

Furthermore, the fact that Plaintiffs and Class Counsel achieved this result relatively early in the case, before a ruling on contested class certification and without the need for contested briefing and argument regarding a notice plan, extensive briefing and argument on summary judgment, trial preparation work, or pretrial motion practice also demonstrates that exceptional effort by Settlement Class Counsel in

this case. In other words, Settlement Class Counsel's significant efforts led to a meaningful early resolution of the case and saved all parties and the court from expending resources on protracted litigation *See, e.g.*, *Franchek v. Workrite Ergonomics, LLC*, No. 16CV02789JSWDMR, 2022 WL 3137928, at *6 (N.D. Cal. May 9, 2022), *report and recommendation adopted*, No. 16-CV-02789-JSW, 2022 WL 3137918 (N.D. Cal. May 31, 2022) (reasonableness of fee petition supported by the fact that "counsel's significant efforts led to a meaningful early resolution of the case and saved all parties and the court from expending resources on protracted litigation"). This modest multiplier is reasonable, particularly in light of the risks taken on and the fact that such an excellent result was achieved without further litigation.

In addition, Settlement Class Counsel showed skill by coordinating three actions to achieve a global resolution for Settlement Class Members from GEICO.

Class Counsel further proved to be effective oral advocates—presenting argument in Court against GEICO's motion to compel appraisal, in support of class certification, and in support of preliminary approval.

Moreover, GEICO vigorously opposed Plaintiffs at every turn, including on class certification and the merits. Settlement was not reached until class certification had been fully briefed. These issues have required advocacy and skill beyond routine litigation, especially in light of the strength of counsel hired by the well-resourced defendant in this action.

        (iv)    <u>The market rate of lawyers with experience of Settlement Class Counsel supports the request.</u>

As detailed above, the hourly rates of Settlement Class Counsel are in line with market rates in this District such that this factor weighs in favor of a finding of reasonableness. *See In re National Collegiate Athletic Association*, 2017 WL 6040065, at *9 ("All of these rates are well within the range of $200 to $1,080 charged by attorneys in California in 2015, as shown by a reputable survey of billing rates.").

        (v)    <u>Plaintiffs' counsel by-passed other cases due to their commitment to this case.</u>

To dedicate the time and resources to litigate these actions, Settlement Class Counsel had to forego taking work on other contingency cases to dedicate a team of experienced class action attorneys and their

staff to this case. In other words, the time spent litigating these matters over the last three years had forced counsel to preclude other employment—a factor weighing in favor of a positive multiplier.

(vi)     <u>The requested multiplier is reasonable when compared to other similar litigation.</u>

The multiplier requested here is reasonable since courts in the Ninth Circuit generally approve similar multipliers. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (surveying class action fee awards, and noting that 83% applied multiplier of 1.0-4.0, and 54% applied multiplier of 1.5-3.0); *Noll v. eBay, Inc.*, 309 F.R.D. 593, 610 (N.D. Cal. 2015) (listing multipliers as high as 5.2 among "the range of acceptable lodestar multipliers"); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) ("A 2.83 multiplier falls within the Ninth Circuit's presumptively acceptable range of 1.0–4.0."); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (holding that a 6.85 multiplier was "well within the range of multipliers courts have allowed); *Buccellato v. AT&T Operations, Inc.*, 2011 WL 4526673, at *1-2 (N.D. Cal. June 30, 2011) ("The resulting multiplier of 4.3 is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the excellent and quick results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary."). The fact that the multiplier requested here is well within range of multipliers in other cases weighs heavily in favor of awarding the 1.9 multiplier.

(vii)    <u>The reputation, ability, and efficiency of Settlement Class Counsel supports the requested fee.</u>

The firms requesting attorneys' fees in this matter are among the most well-respected class action litigation firms in the country. *See, e.g., Farrell v. Bank of Am., N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018) (praising Tycko & Zavareei LLP's "tenacity and great skill" in serving as class counsel). Also, as discussed above, Settlement Class Counsel focused on the most efficient path to results by assigning different firms to take the lead on different aspects of the litigation and by resolving this litigation at the earliest opportunity when an impending decision on Plaintiffs' thorough and persuasive motion for class certification convinced GEICO to pause its defense in favor of a resolution that provides between 50-100% of relief to Settlement Class Members who submit valid claims.

**B.**   **The fee award is also reasonable under the percentage-of-the-fund method.**

A cross-check using the percentage-of-the-fund approach also demonstrates the reasonableness of the fees requested. When employing the percentage-of-the-fund approach, courts consider the total value provided to the class, including injunctive relief. *See Young v. Polo Retail, LLC*, No. C 02 4546 VRW, 2007 WL 951821, at *9 (N.D. Cal. Mar. 28, 2007). Moreover, an attorney fee award should be based on the amount made available to the class, not the actual distribution to the class. *See Lopez v. Youngblood*, 2011 WL 10483569, at *12 (E.D. Cal. Sept. 2, 2011) ("[T]he percentage of the fund approach in the Ninth Circuit is based on the total money available to class members, plus costs (including class administrative costs) and [attorneys'] fees.") (citing Newberg on Class Actions §14.6 (4th Ed. 2007 update) ("[i]n *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980), the Supreme Court settled this question…by ruling that class counsel are entitled to a reasonable fee based on the funds potentially available to be claimed, regardless of the amount actually claimed"); *Williams v. MGM-Pathe Communs. Co.*, 129 F.3d 1026 (9th Cir. 1997) (reversing award of attorney's fees because trial court failed to base fee award on the entire settlement, rather than the amount claimed); *Carlotti v. Asus Comput. Int'l*, 2020 WL 3414653, at *6 (N.D. Cal. June 22, 2020) ("It is not appropriate to base attorneys' fees based only on the amount paid to class members who submitted claims."). These percentages all fall well below the Ninth Circuit benchmark for approving fees of 25% of the benefit to the class. *E.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

Here, Class Counsel seek a fee award comprising 19.7 percent of the cash available to the Class (not including prospective relief), 8 percent of the benefit to the Class when including five years of prospective relief, and 13.4 percent of the benefit to the Class when including only one year of prospective relief. Phillips Decl. ¶¶ 37, 40. Especially coupled with the "reasonableness" factors discussed above, *supra* § IV.C.(i)-(vii), these percentages of the total value support a finding of reasonableness, *see Fitzhenry-Russell v. Coca-Cola Co.*, 2019 WL 11557486, at *8 (N.D. Cal. Oct. 3, 2019) (awarding 30 percent of total monetary value); *Theodore Broomfield v. Craft Brew All., Inc.*, 2020 WL 1972505, at *17 (N.D. Cal. Feb. 5, 2020) (awarding 17 percent of monetary value); *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (attorneys' fee award should be considered as the "percentage of the total fund" made available and "assessed against every class members' share, not just the claiming members").

### C. Plaintiff's Counsel Should Be Awarded Costs.

Plaintiff's Counsel additionally requests that the Court grant its application for reimbursement of $47,446.61 in expenses incurred in connection with the prosecution of this litigation. These expenses are set forth in the declarations attached hereto. Persinger Decl. ¶¶ 50-51; Edelsberg Decl. ¶¶ 15-16; Phillips Decl. ¶ 61; Shamis Decl. ¶¶ 24-25; Fields Decl. ¶ 32.

These expenses, which include (*inter alia*) expert costs, filing fees, court and deposition transcripts, and computer research expenses, are reasonable and reimbursable. *See In re National Collegiate Athletic Association*, 2017 WL 6040065, at *11; *Vedachalam v. Tata Consultancy Serv., Ltd*, 2013 WL 3941319, at *3-4 (N.D Cal. July 18, 2013) ("Plaintiffs' Counsel have incurred unreimbursed costs prosecuting this case on behalf of the Class. . . . Plaintiffs' Counsel put forward these out-of-pocket costs without assurance that they would be repaid. These litigation expenses were necessary to secure the resolution of this litigation."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters"). Thus, the Court should award Plaintiffs the requested costs.

## IV. THE CLASS REPRSENTATIVES' AWARD IS LAWFUL, REASONABLE, AND FAIRLY COMPENSATES THEIR SIGNIFICANT CONTRIBUTIONS TO THE RESULTS OBTAINED FOR THE CLASS

Consistent with the Settlement Agreement, Plaintiffs also seek service awards in the amount of $15,000 for Plaintiff Subbaiah, $10,000 for Plaintiff Ventrice-Pearson, and $5,000 for Plaintiff Perez in recognition of their contributions on behalf of the Class. This Motion is supported by a declaration from Plaintiff Subbaiah describing her efforts in prosecuting this lawsuit. Like all the relief sought in this Motion, the requested incentive awards will be paid separately by GEICO and will not reduce the amount recoverable by Settlement Class members, nor impact their recovery in any way. Phillips Decl. ¶ 36.

As an initial matter, public policy favors the service awards requested here. Service awards further the public interest by encouraging consumers like Plaintiffs to take on the reputational risk to formally challenge unfair business practices. *See, e.g., Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (upholding award of service awards to class representatives as they "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the

action, and, sometimes, to recognize their willingness to act as a private attorney general"); *Wehlage v. Evergreen at Arvin LLC*, No. 4:10-CV-05839-CW, 2012 WL 4755371, at *5 (N.D. Cal. Oct. 4, 2012) (finding service award justified for plaintiffs "lending their names to this case, and thus subjecting themselves to public attention"); *Miletak v. Allstate Ins. Co.*, No. C 06-03778 JW, 2012 WL 12924933, at *2 (N.D. Cal. July 12, 2012) (same); *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. CV 17-2832, 2020 WL 7133805, at *13 (D. Minn. Dec. 4, 2020) (awarding service award because "Class Representatives participated and willingly took on the responsibility of prosecuting the case and publicly lending their names to this lawsuit, opening themselves up to scrutiny and attention from both the public and media").

In deciding whether to approve a service award, the court should consider: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulty encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation and; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995).

Here, these factors support awarding the requested amounts to Plaintiffs. Plaintiffs took on the discomfort of bringing representative claims worth millions of dollars against the company that insured their vehicles, voluntarily undertaking the reputational risk associated with a publicly filed and litigated class action lawsuit that was hotly contested every step of the way. Plaintiffs contributed significantly to the prosecution of the case. They assisted in the preparation of their complaints, responded to interrogatories, searched for and produced documents, reviewed filings, stayed in regular communication with Class Counsel over the years this litigation has been pending, and reviewed the terns of the Settlement Agreement to ensure that they were fair and beneficial to the similarly situated Settlement Class Members they seek to represent. *See* Subbaiah Decl. ¶¶ 16-19; D.E. 139-3 (Phillips Declaration in Support of Motion for Preliminary Approval) ¶¶ 42-44.

The amounts sought in service awards are tiered in amounts proportional to the time each Plaintiff dedicated to their action. Plaintiff Subbaiah in particular devoted a significant amount of time and energy in pursuing settlement terms favorable to the absent class members and in actively following this litigation by,

for example, attending mediation and hearings.[4] On the other end of the spectrum, Plaintiff Perez, while equally dedicated to the interest of the class, settled her case at an earlier stage of her case compared to the progress in Plaintiff Subbaiah's and Plaintiff Ventice-Pearson's consolidated cases. Courts in this Circuit have approved awards in which each representative's amount reflects the work they put into the litigation. *See Chavez v. Stellar Mgmt. Grp. VII, LLC*, No. 19-CV-01353-JCS, 2022 WL 827115, at *1 (N.D. Cal. Mar. 18, 2022) (approving service awards of $12,000 and $10,000 respectively for the two class representatives); *Taylor v. Shippers Transp. Express, Inc.*, No. CV1302092BROPLAX, 2015 WL 12658458, at *18 (C.D. Cal. May 14, 2015) (finding service awards of different amounts according to the plaintiffs' and class members' work on the case reasonable).

The personal risks and sacrifices undertaken by Plaintiffs in bringing their cases, the substantial time they invested in the case, and their critical contributions to the outstanding results for the Class, along with their release of claims against GEICO, all support approval of the requested service awards.

Awards of $15,000, $10,000, and $5,000 are well within the range of reasonableness. *See, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2017 WL 4685536, at *11 (C.D. Cal. May 8, 2017) (approving $25,000 incentive award); *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, *6 (S.D. Cal. Jan. 14, 2013) (finding $15,000 incentive payments for three Class representatives reasonable); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-CV-04357-VC, 2016 WL 7826649, at *4 (N.D. Cal. Apr. 15, 2016) (approving service award of $10,000 for each of the four named Plaintiffs); *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) (approving incentive award to single class representative in the amount of $50,000.00); *Wolf v. Permanente Med. Grp., Inc.*, No. 3:17-CV-05345-VC, 2018 WL 5619801, at *1 (N.D. Cal. Sept. 14, 2018) (approving $7,500 service award); *Jabbari v. Wells Fargo & Co.*, No. 15-CV-02159-VC, 2018 WL 11024841, at *6 (N.D. Cal. June 14, 2018) (finding proposed service award of $5,000 to each named plaintiff fair and reasonable); *Miller v. Ghirardelli Chocolate Co.*, No. 12-cv-04936, 2015 WL 758094 at *7 (N.D. Cal. Feb 20,

---

[4] Class Counsel have rarely encountered a named plaintiff as actively and meaningfully involved in litigating class action claims. *See* D.E. 139-3 (Phillips Declaration in Support of Motion for Preliminary Approval) ¶¶ 42-44. Her extensive efforts are documented thoroughly in the time logs included in her declaration in support of this Motion.  Subbaiah Decl., Ex. H.

2015) (awarding $5,000 to named plaintiffs); *Dorsette v. TA Operating LLC*, No. EDCV091350PARZX, 2010 WL 11583002, at *8 (C.D. Cal. July 26, 2010) (finding $5,000 service award reasonable).

The fact that GEICO will pay all service awards separately from its payment to the Class further supports approval of these awards. Phillips Decl. ¶ 36. This factor weighs in favor of approving incentive awards for the named plaintiffs because any award to the named Plaintiffs will not reduce the Class's recovery. *See Roth v. GEICO Gen. Ins. Co.*, No. 16-62942-CIV, 2020 WL 10818393, at *3 (S.D. Fla. Oct. 8, 2020) (approving service awards of $10,000 for each named plaintiff in total-loss insurance class action; the fact that "the incentive awards are to be paid separately and will not impact the recovery of any class member" supported approval); *see also Koertge v. LG Elecs. USA, Inc.*, No. 212CV06204JLLMAH, 2013 WL 12156331, at *2, 4 (D.N.J. Dec. 3, 2013) (approving incentive awards that would be "paid separately" and would "not reduce the settlement benefits available to the class members in any way").

In any event, the requested service awards are a tiny fraction of the amount obtained for the Class. Even taken collectively, a total of $30,000.00 equates to approximately 0.001% of the total settlement amount made available and 0.06% of the amount distributed to the Class (assuming a 25 percent claims rate). Coupled with Plaintiffs' diligent work on behalf of the Class, the reasonableness of the amounts sought further supports approval of the requested awards. *Alcantar v. Hobart Serv.*, No. EDCV111600PSGSPX, 2018 WL 11356321, at *10 (C.D. Cal. Aug. 13, 2018) (approving award of $25,000.00 in light of class representative's efforts in prosecuting the case and because the service award equated to approximately 0.6% of the settlement value).

For all these reasons, the Court should approve the requested service awards.

## V.     CONCLUSION

The service awards, attorneys' fees, and costs sought in this Motion are all lawful, fair, and reasonable in light of the amount of work the named Plaintiffs and Class Counsel contributed in furtherance of the extraordinary results achieved for the Class. Accordingly, the Court should approve Plaintiffs' request for $30,000 in service awards for the named Plaintiffs, $3,852,553.39 in attorneys' fees for Settlement Class Counsel, and $47,446.61 in reasonable costs.

DATED: September 12, 2022

/s/ Annick Persinger
Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway Suite 1070
Oakland, CA 94612
(510) 254-6808

Edmund A. Normand*
Jacob L. Phillips*
**NORMAND PLLC**
3165 McCrory Place, Ste. 175
Orlando, FL 32803
Telephone: (407) 603-6031
service@ednormand.com
ed@ednormand.com
jacob@normandpllc.com

Michael Louis Kelly (CA Bar No. 82063)
Joshua A. Fields (CA Bar No. 242938)
**KIRTLAND & PACKARD LLP**
1638 South Pacific Coast Highway
Redondo Beach, CA 90277
Tel: (310) 536-1000 / Fax: (310) 536-1001
mlk@kirtlandpackard.com
jf@kirtlandpackard.com

Andrew John Shamis*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Ste 1205
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

Scott Edelsberg (CA Bar No. 330990)
**EDELSBERG LAW, PA**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone: (305) 975-3320
scott@edelsberglaw.com

*Counsel for Plaintiffs*